UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Shakeji Rosser,<br><br>　　　　　　Plaintiff,<br>　v.<br>Commercial Recovery Systems, Inc.,<br><br>　　　　　　Defendant. | Civil Action No.: 4:13-cv-00282<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Shakeji Rosser, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Shakeji Rosser ("Plaintiff"), is an adult individual residing in Arlington, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton freeway, Suite 220, Dallas, Texas 75228,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Commercial Engages in Harassment and Abusive Tactics**

10. Within the last year, the Defendant contacted the Plaintiff in an attempt to collect the Debt.

11. During Defendant's initial communication with Plaintiff, Defendant failed to disclose they were debt collectors.

12. Instead, Defendant misrepresented their company as a law office.

13. Furthermore, Defendant left Plaintiff a voicemail which threatened immediate lawsuit.

14. On or about February 21, 2013, Defendant had a subsequent communication with Plaintiff wherein Defendant falsely accused Plaintiff of writing a "hot check" for $20.00 and that Defendant would be turning her over to the City of Arlington police department.

15. Defendant's threats caused Plaintiff a great amount of fear and anxiety.

16. Defendant failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law.

**C.    Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(3) in that Defendant misled the Plaintiff into believing the communication was from a law firm.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

25. The Defendant's conduct violated 15 U.S.C. § 1692e(7) in that Defendant falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

26. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
### TEX. FIN. CODE ANN. § 392, et al.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

32. The Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

33. The Defendant falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

34. The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## COMMON LAW FRAUD

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The acts, practices and conduct engaged in by the Defendant and complained of herein constitute fraud under the Common Law of the State of Texas.

37. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant. All acts of the Defendant and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 8, 2013

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff